## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WHYTE MONKEE PRODUCTIONS, LLC, and TIMOTHY SEPI, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-20-933-D |
| NETFLIX, INC., and ROYAL GOODE PRODUCTIONS, LLC, | ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Plaintiffs initiated this copyright infringement action claiming that Defendants unlawfully used clips from eight videos owned by Plaintiffs. The Court granted summary judgment to Defendants, finding that seven of the videos were not owned by Plaintiffs and the use of the remaining video was a fair use.[1] Defendants now move for an award of attorney's fees in the amount of $170,705.00 as the prevailing party under the Copyright Act [Doc. No. 65]. Plaintiffs have filed a response in opposition [Doc. No. 77] and Defendants have replied [Doc. No. 78].

"Section 505 of the Copyright Act provides that a district court 'may ... award a reasonable attorney's fee to the prevailing party.'" *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 199 (2016) (quoting 17 U.S.C. § 505). In determining whether to award fees

---

[1] Although Plaintiffs have appealed the judgment, this Court retains jurisdiction over Defendants' application for attorney's fees. *Bell v. Bd. Of Cnty. Comm'rs Of Jefferson Cnty.*, 451 F.3d 1097, 1101 n. 2 (10th Cir. 2006).

under this section, courts must make a "particularized, case-by-case assessment" and "may not 'award[ ] attorney's fees as a matter of course.'" *Id.* at 202 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)) (alteration in *Kirtsaeng*). Although there is no "precise rule or formula for awarding fees," the Supreme Court has suggested "several, nonexclusive factors" that may be used to guide a court's discretion: "frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quotation marks omitted) (alteration in original). When applying these factors, courts must treat "prevailing plaintiffs and defendants in an evenhanded manner" and must remain "faithful to the purposes of the Copyright Act." *Fogerty*, 510 U.S. at 534, n. 19. "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524.

Defendants assert that a fee award is appropriate because Plaintiffs' copyright infringement claim was frivolous and objectively unreasonable. A claim is objectively unreasonable when it has "no legal or factual support." *Viva Video, Inc. v. Cabrera*, 9 F. App'x 77, 80 (2d Cir. 2001) (unpublished). Frivolousness is a "somewhat higher" standard and describes claims that are "clearly baseless, involving fantastic or delusional scenarios." *Karmo v. Morgan Creek Ent. Grp.*, No. CV 18-9148 PA (AGRX), 2019 WL 13095278, at *2 (C.D. Cal. June 28, 2019) (citations and quotation marks omitted). Claims are not frivolous or objectively unreasonable merely because they are weak or ultimately prove to be unsuccessful. *Capitol Recs., LLC v. ReDigi Inc.,* No. 1:12-CV-95 (RJS), 2022 WL 1046463, at *5 (S.D.N.Y. Apr. 7, 2022); *see also Kirtsaeng*, 579 U.S. at 207.

The primary issue in this case was whether seven of the videos were created within the scope of Plaintiff Sepi's employment. If so, ownership of the videos would vest in his employer pursuant to § 201(b) of the Copyright Act and he would have no grounds to pursue a copyright infringement claim. Prior to commencing this lawsuit, Mr. Sepi gave deposition testimony in an unrelated proceeding where he denied any knowledge of the formation of Whyte Monkee Productions, LLC and stated that he performed videography work as part of his employment.[2] When giving deposition testimony in this matter, Mr. Sepi initially affirmed his prior sworn testimony, but later denied that he was employed as a videographer and claimed that he committed perjury at his prior deposition. In granting summary judgment to Defendants, the Court found that this testimony could be appropriately excluded under the sham affidavit doctrine as an attempt to create a sham issue of fact. Plaintiffs' reliance on sham testimony indicates that their claim was lacking in factual support and objectively unreasonable.[3]

The remaining issue in the case was whether Defendants' use of a video created by Mr. Sepi after his employment ended was a fair use. Although not rising to the level of frivolity, this claim was also lacking in legal and factual support. Plaintiffs' summary

---

[2] The Court presumes the reader's familiarity with the facts of this case, which are set out more fully in the Court's April 27, 2022 order [Doc. No. 57].

[3] Plaintiffs argue that their claim is neither frivolous nor objectively unreasonable because the law regarding what constitutes creation within the scope of employment is not well-developed in the Tenth Circuit. The Court does not agree that Tenth Circuit law is as murky as Plaintiffs assert, but even so, Plaintiffs' admissions that he was hired as a cameraman and his reliance on sham testimony indicates that the claim was lacking in factual support.

judgment briefing addressed the video at issue in only the most perfunctory manner and all of the fair use factors tipped decidedly in Defendants' favor.

Defendants further argue that attorney's fees are warranted because Plaintiffs pursued this lawsuit in bad faith. A plaintiff's improper motive in pursuing an action or their bad faith litigation conduct can weigh in favor of awarding fees to a prevailing defendant. *Karmo*, 2019 WL 13095278, at *3. Here, Plaintiffs advanced a theory of the case that was contradicted by Mr. Sepi's prior sworn testimony and that was inconsistent with his actions prior to the filing of the lawsuit. Moreover, Plaintiffs failed to offer a plausible explanation for the abrupt change in Mr. Sepi's testimony. This conduct indicates that Plaintiffs motivation for bringing the lawsuit was improper.

Finally, Defendants argue that considerations of deterrence and compensation warrant an attorney fee award in this case. Awarding attorney's fees to the prevailing party where the claims advanced were objectively unreasonable can serve to deter similarly situated plaintiffs from bringing meritless claims. *See Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 326 (5th Cir. 2022) (finding that "[a]ttorney's fees were thus an appropriate deterrent, both with respect to [plaintiff] and other copyright holders who might consider a similar business model of litigation."). A fee award also incentivizes "a person defending against a patently meritless copyright claim…to keep fighting, no matter that attorney's fees in a protracted suit might be as or more costly than a settlement." *Kirtsaeng*, 579 U.S. at 205. Defendants were plainly required to spend significant time and financial resources litigating this lawsuit, and there is a need to deter other plaintiffs from relying on sham testimony to advance unfounded claims.

However, the Court must also be mindful that "the aims of the statute are compensation and deterrence where appropriate, but not ruination." *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986). Thus, in evaluating a request for attorney's fees, "the relative financial strength of the parties is a valid consideration." *Id.*; *see also Karmo*, 2019 WL 13095278, at *4 ("The Court may also consider 'whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff.'"); *Quaglia v. Bravo Networks*, No. CIV.A.04-10460-RWZ, 2006 WL 2691686, at *2 (D. Mass. Sept. 19, 2006) ("It is well-established that courts may consider a party's ability to pay sanctions imposed under Section 505 of the 1976 Copyright Act."). Particularly where the sum requested is large, it is appropriate to consider whether it is "excessive in light of the plaintiff's resources." *Lieb*, 788 F.2d at 156.

Plaintiffs contend that a large fee award would impose a significant financial hardship on them. In support, they have included an affidavit indicating that Mr. Sepi's total monthly income is $2,000, that his estimated monthly expenses are $1,850, and that he lacks significant assets. For their part, Defendants' contend that the $170,705.00 they are seeking to recover represents only a fraction of the total fees incurred defending the lawsuit and reflects a reduced hourly rate for their two lead attorneys.[4] Having found

---

[4] Defendants contend that their two lead attorneys expended time amounting to a total of $590,000.00 defending this lawsuit, but seek only the $131,349.00 in fees for 343.6 hours of work incurred between October 1, 2021 and March 14, 2022 – the period in which they were primarily working on the motion for summary judgment. Defendants' local counsel is seeking fees for the entire case (a total of 94 hours) in the amount of $39,560.00. For purposes of this motion, Defendants' out of state counsel has reduced its hourly rate to $420, the rate used by local counsel. Defendants also seek fees associated with work performed by a senior research analyst at a rate of $275 per hour. Defendants have

Plaintiffs' claim was objectively unreasonable and improperly motivated, the Court agrees with Defendants that an award of attorney's fees is appropriate, but must also consider Plaintiff's limited financial resources. After weighing the relevant factors, the Court concludes that a fee award of $35,000.00 is reasonable in this case. This award is sufficient to deter the pursuit of objectively unreasonable claims but will avoid imposing "an inequitable burden on an impecunious plaintiff." *Karmo*, 2019 WL 13095278, at *4 (quotation marks omitted). Reducing Defendants' requested fees in this manner is consistent with the objectives of the Copyright Act, because it ensures that plaintiffs who sue for copyright infringement – who "can run the gamut from corporate behemoths to starving artists" – will not be unreasonably deterred from asserting colorable claims to protect their original works. *Fogarty*, 510 U.S. at 524-25.

Accordingly, Defendants' Motion for Attorney's Fes Pursuant to 17 U.S.C. § 505 [Doc. No. 65] is **GRANTED** in part and **DENIED** in part. The motion is granted to the extent that, as prevailing parties, Defendants are entitled to a reasonable fee. The amount sought, however, exceeds that which is reasonable and equitable, given the specific circumstances of this case. Accordingly, Defendants are awarded attorneys' fees in the amount of $35,000.00.

---

supported their fee request with a summary identifying each attorney or support staff performing the work, the number of hours incurred by that individual, and the applicable hourly rate for that individual's services. Def.s' Br., Doc. No. 65-1 and 65-2.

**IT IS SO ORDERED** this 30th day of September, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge