IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS, LLC, and TIMOTHY SEPI,  Plaintiffs, v. NETFLIX, INC., and ROYAL GOODE PRODUCTIONS, LLC,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-20-933-D |

**ORDER**

Before the Court is Defendants Netflix, Inc. and Royal Goode Productions LLC's Motion for Review Taxation of Costs [Doc. No. 83]. Plaintiffs have responded in opposition [Doc. No. 84] and Defendants have replied [Doc. No. 90]. The matter is now at issue.

Defendants submitted a bill of costs in the amount $11,484.20 [Doc. No. 64]. After Plaintiffs filed a written objection [Doc. No. 72] and Defendants filed a response [Doc. No. 79], the Clerk of Court held a hearing and awarded costs in the amount of $2,629.35 [Doc. No. 81]. Defendants now seek review of the Clerk's decision to deny taxing certain expenses as costs. Plaintiffs do not challenge the amount taxed by the Clerk, but do object to the additional costs sought by Defendants.

**DISCUSSION**

Under Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—

1

should be allowed to the prevailing party." Rule 54(d) creates a presumption that the district court will award the prevailing party costs. *Cantrell v. Int'l Bhd. of Elec. Workers, AFL-CIO, Loc. 2021*, 69 F.3d 456, 459 (10th Cir. 1995). The costs that may be awarded are limited to the expenses that fall into one of the six categories codified at 28 U.S.C. § 1920. The Supreme Court describes these categories as including "relatively minor, incidental expenses" that represent only "a fraction of the nontaxable expenses borne by litigants." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). "Because taxable costs are limited by statute and are modest in scope," courts should resist "stretch[ing] the ordinary meaning of the cost items Congress authorized in § 1920." *Id.* The burden is on the prevailing party to establish the amount of costs to which it is entitled. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009). With that guidance in mind, the Court separately addresses each of the additional expenses Defendants seek to recover.

   1. **Video Deposition Costs**

Defendants first argue that they are entitled to all costs associated with obtaining the video deposition of Mr. Sepi. The Clerk awarded Defendants the fee associated with creating the written transcript of the deposition, but denied all costs incurred for videography and synchronization. The costs statute authorizes costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." The fees for obtaining a video deposition fall within this category. *Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1477 (10th Cir. 1997); *Pitts v. Elec. Power Sys., Inc.*, No. 08-CV-96-GKF-PJC, 2009 WL 3766270, at *2 (N.D. Okla. Nov. 10, 2009). Further, the Tenth Circuit has recognized that fees for both a printed and recorded transcript for the same witness may be

2

taxed as long as they are "necessarily obtained" for use in the case. *Tilton*, 115 F.3d at 1478.

Materials and services are necessarily obtained and therefore taxable if they "are reasonably necessary for use in the case, even if they are ultimately not used to dispose of the matter." *In re Williams*, 558 F.3d at 1148 (quotation marks and citation omitted). When determining whether an item was reasonably necessary, courts "do not employ the benefit of hindsight" but instead rely "solely on the particular facts and circumstances at the time the expense was incurred." *Id.* (quotation marks and citation omitted). Accordingly, "costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case" may be recoverable, while materials "that merely added to the convenience of counsel" are not. *Id.* (quotation marks and citation omitted).

Defendants contend that a video deposition of Mr. Sepi, in addition to a printed transcript, was reasonably necessary because there was a strong likelihood it would be used at trial for impeachment purposes. Given the importance of Mr. Sepi's testimony, the Court finds that a video deposition was reasonably necessary for effective trial preparation at the time the deposition was taken. *Pitts*, 2009 WL 3766270, at *3 (noting the "importance of [plaintiff's] testimony, and the likelihood that [defendant] would seek to impeach [plaintiff's] credibility at trial" in awarding costs for videotaped deposition). Accordingly, the Court will award Defendants the services, hourly, electronic access and exhibit fees associated with obtaining the video deposition.

Defendants also seek to tax the separate fees for synchronizing the deposition video

3

with the printed transcript and for "media and cloud services." Defendants do not specifically explain what "media and cloud services" includes. In addition to transcript fees, § 1920 provides that "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" may be taxed. 28 U.S.C.A. § 1920(2). However, given "the narrow scope of taxable costs," *Tiniguchi*, 566 U.S. at 573, the Court is not persuaded that deposition synchronization or "media and cloud services" qualify as either a transcript fee or a copying fee. *See Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 959 (9th Cir. 2013) (holding that "synchronizing deposition videotapes with their transcripts, while convenient, was not an act of copying or exemplification"). Accordingly, these portions of the video deposition fee will not be taxed.

2. **Related Costs for the Deposition**

Defendants next seek various costs associated with obtaining the written deposition transcript of Mr. Sepi, including the court reporter's appearance fee, extended hours fees, and exhibit sharing fees.[1] Although there is by no means unanimous agreement, "the large majority of courts that have considered the question have found that a court reporter's attendance fee is part of the transcript fee itself, and therefore is taxable." *Jacobs v. Cnty. of Hennepin*, No. 19-CV-2879 (PJS/HB), 2021 WL 509284, at *2 (D. Minn. Feb. 11, 2021); *see also Extra Equipamentos E Exportacao Ltda. v. Case Corp.,* 541 F.3d 719, 727 (7th Cir. 2008) ("Since the reporter cannot make the transcript without attending the

---

[1] Defendants do not seek review of the denial of other miscellaneous deposition costs.

hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript."); *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002) (unpublished) ("The court reporter's appearance fee is necessary to take a deposition. Hence, the district court correctly determined that it was permissible to tax costs for the appearance fee."); *Foster v. Mountain Coal Co., LLC*, No. 12-CV-03341-LTB-MJW, 2015 WL 4484364, at *3 (D. Colo. July 23, 2015) ("The mileage and drive time fees are in the nature of so-called appearance fees charged by court reporters, which courts routinely allow."); *MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, No. CIV-06-1345-M, 2010 WL 3522375, at *2 (W.D. Okla. Sept. 8, 2010), aff'd, 468 F. App'x 816 (10th Cir. 2012) (holding "that the court reporter's attendance fees are recoverable"); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2676 (4th ed.) ("If the expense of the deposition is held taxable, it is clear that the prevailing party is entitled to recover the fee of the officer presiding at the examination."). The Court will therefore award the attendance and time surcharge fees for the court reporter.

With respect to the exhibit share fee, the Court is not persuaded on this record that the cost to utilize exhibit sharing software qualifies as either a fee to obtain a deposition transcript or a fee for exemplification or copying. Unlike an attendance fee, a transcript can be created without the use of an exhibit sharing platform. Further, exhibit sharing software appears to go beyond merely generating electronic copies of documents. Accordingly, this cost will not be taxed.

3. **Deposit Copies from the U.S. Copyright Office**

Last, Defendants seek their full costs for obtaining deposit copies of Plaintiffs'

works from the U.S. Copyright Office. Again, however, the Court is not persuaded that the fees separately charged by the Copyright Office for "retrieval services" and "additional services" qualify as the costs of making copies. Because these fees do not fit within any of the categories outlined in § 1920, they are not taxable.

4. **Reasonableness of the Costs**

Plaintiffs argue that costs should be denied because the amounts Defendants seek are unreasonably high and Mr. Sepi is indigent. However, "the denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" *Rodriguez*, 360 F.3d at 1190 (citations omitted). The Court has previously acknowledged that Mr. Sepi has limited financial resources, *see* Order dated Sept. 30, 2022 [Doc. No. 82], although he is capable of paying filing fees. *See* Order dated Oct. 28, 2022 [Doc. No. 89]. In the Court's view, the costs awarded in this action are not unreasonably high and Mr. Sepi's limited financial means do not warrant penalizing Defendants via a denial of costs.

## CONCLUSION

For the reasons explained above, Defendants Netflix, Inc. and Royal Goode Productions LLC's Motion for Review Taxation of Costs [Doc. No. 83] is **GRANTED** in part and **DENIED** in part. Defendants are awarded the following costs, in addition to the costs previously taxed by the Clerk of Court: court reporter attendance fees in the amount of $525.50 and video deposition fees in the amount of $2,985.00. The total costs awarded are $6,139.85.

**IT IS SO ORDERED** this 14th day of November, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge