IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WHYTE MONKEE PRODUCTIONS, LLC, an Oklahoma Limited Liability Company; and TIMOTHY SEPI, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>NETFLIX, INC., a Delaware Corporation; and ROYAL GOODE PRODUCTIONS LLC, a New York Limited Liability Company,<br><br>    Defendants. | CASE NO.: 5:20-CV-00933-D<br><br>Judge:    Hon. Timothy D. DeGiusti |

**DEFENDANTS NETFLIX, INC. AND ROYAL GOODE PRODUCTIONS LLC'S OBJECTIONS TO PLAINTIFFS' APPELLATE RULE 39(e) BILL OF COSTS**

Defendants Netflix, Inc. and Royal Goode Productions LLC (collectively, "Defendants") respectfully file these objections to Plaintiffs' Appellate Rule 39(e) Bill of Costs filed on April 10, 2004.

## INTRODUCTION AND SUMMARY

Plaintiffs claim entitlement to certain of their appellate costs in this copyright infringement matter, totaling $1,029.99, on the basis that after the Tenth Circuit affirmed this Court's summary judgment ruling on seven out of eight claims in favor of Defendants, the Tenth Circuit "reversed" the District Court's related awards for attorney's fees and costs pending further proceedings. This misreads both the Tenth

Circuit's holdings and the applicable Federal Rule: appellate costs are automatically taxable against an appellee when a *judgment* is reversed, but not where a judgment is affirmed in part and reversed in part, or where a post-judgment order pertaining to such a judgment is reversed or vacated. *See* Fed. R. App. P. 39(a)(3), 39(a)(4). Moreover, recent Supreme Court precedent confirms the consensus that in such circumstances, the discretion to tax costs at all lies with the *appellate* court, which here has not ordered any taxation of costs at all. Plaintiffs' Rule 39(e) Bill of Costs should thus be denied.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

On April 27, 2022, this Court granted summary judgment to Defendants on all of Plaintiffs' claims, followed by entry of judgment that same day. ECF 57-58. On September 30, 2022 and November 14, 2022, respectively, this Court awarded to Defendants (1) $35,000 in attorney's fees and (2) $6,139.85 in costs as prevailing parties in connection with this matter. ECF 82, 93.

Plaintiffs appealed all three rulings to the Tenth Circuit, where this Court's decision on the merits was reviewed as one appeal, Case No. 22-6086 (the "Merits Appeal"), and its decisions on attorneys' fees and costs were reviewed separately as two consolidated appeals, Case Nos. 22-6177 and 22-6199 (the "Fees and Costs Appeals"). *See* ECF 61, 85, 94, 97, 103-105.

On March 27, 2024, a panel of the Tenth Circuit issued an opinion in the Merits Appeal affirming this Court's granting of summary judgment to Defendants as to seven of eight of Plaintiffs' claims for copyright infringement, while reversing and remanding

as to a single claim. *See* ECF 103-104.[1] Accordingly, the judgment of this Court was deemed "affirmed in apart and reversed in part." ECF 104. The following day, on March 28, 2024, the same panel ruled as to the Fees and Costs Appeals, holding that it was "vacat[ing] the awards of attorney fees and costs and remand for further proceedings … following resolution of Plaintiffs' merits case on remand," and ordering the awards of attorney's fees and costs therefore "reverse[d] "and "remand[ed]." *See* ECF 105 (the "Fees and Costs Order") at 3-4. Neither of the two Tenth Circuit orders provided for any taxation of costs for Plaintiffs. *See* ECF 103-105. On April 10, 2024, Plaintiffs, citing Federal Rule of Appellate Procedure 39(e) and 39(a)(3), filed the instant Bill of Costs with this Court, seeking taxation of $1,010.00 for its notice-of-appeal fees as to the Fees and Costs Appeals and $19.99 for transmission of the record (the "Rule 39(e) Bill of Costs").

## **LEGAL STANDARD AND ARGUMENT**

Federal Rule of Appellate Procedure 39(e) provides that certain "costs on appeal are taxable in the district court for the benefit of the party entitled to costs" under other sections of that rule. Pursuant to Rule 39(a), the "The following rules apply unless the law provides or the court orders otherwise":

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
> 
> (2) if a judgment is affirmed, costs are taxed against the appellant;
> 
> (3) if a judgment is reversed, costs are taxed against the appellee;

---

[1] The Tenth Circuit has extended the time for Appellees to petition for rehearing or rehearing *en banc* as to the single remanded claim until April 25, 2024. *See* Case No. 22-6086, Docket No. 11079472.

3

> (4) if a ***judgment is affirmed in part, reversed in part, modified,
> or vacated***, costs are ***taxed only as the court orders***.

Fed. R. App. P. 39(a) (emphasis added); *see also e.g.*, *Lincoln v. BNSF Ry. Co.,* 900 F.3d 1166, 1191, 1214 (10th Cir. 2018) (where underlying judgment reversed and vacated in part, quoting Rule 39(a)(4) and emphasizing requirement of a court order to permit taxation); 16AA Wright & Miller, Fed. Prac. & Proc. Juris. § 3985 (5th ed.) ("[I]f a judgment is affirmed or reversed in part, is modified, or is vacated, Rule 39(a)(4) provides that the costs shall be allowed only as ordered by the court.").

In 2021, the U.S. Supreme Court clarified that under Rule 39(a)(4), the discretion to tax costs "as the court orders" lies solely with the appellate court, not with a district court considering costs under Rule 39(e). *See City of San Antonio, Texas v. Hotels.com, L. P.*, 593 U.S. 330, 336-337 (2021) (explaining that "under Rule 39(a)(4), if a district court judgment is affirmed in part and reversed in part, 'costs are taxed only as the court [of appeals] orders'" (brackets in original), noting that "In the Rules of Appellate Procedure . . . references to a 'court' are naturally read to refer to a court of appeals unless the text or context clearly indicates otherwise."). That decision turned into binding precedent the prevailing consensus that where a judgment is partly affirmed and partly reversed, the silence of an appellate court on costs is definitive. *See Bishop v. Long Term Disability Income Plan of SAP Am., Inc.*, 2007 WL 2499800, at *3 (N.D. Okla. Aug. 30, 2007) ("The Court would be exceeding its authority to award appeal-related costs when the Tenth Circuit has not expressly authorized those costs under Fed. R. App. P. 39(a)(4)."), *accord Bixby v. KBR, Inc.*, 667 F. App'x 933 (9th Cir. 2016) ("Because [the

appellate court] has not ordered the taxation of the costs for which Defendants sought an award in the district court, the district court was correct to deny the motion for costs."); *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 497 F.3d 805, 808-09 (8th Cir. 2007) ("[N]one of the costs listed as taxable under Rule 39(e) are recoverable in [a Rule 39(a)(4)] case unless the appellate court so indicates.").

Plaintiffs' Rule 39(e) Bill of Costs misleadingly attempts to read the word "judgment" out of Rule 39(a)(3), suggesting that Plaintiffs' costs in the Fees and Costs Appeals are taxable against Defendants because the Fees and Costs Order contained the word "reverse." *See* Bill of Costs at 2 (claiming "the notice-of-appeal fees for the fee and costs appeal are taxable because the Tenth Circuit reversed in those appeals," citing Rule 39(a)(3)). Not only does this ignore that the Tenth Circuit's order referred several times to ***vacating*** the fees and costs awards (*see* Fees and Costs Order at 3), but Rule 39(a)(3) applies only where a ***judgment*** is reversed in full, not where a judgment is reversed in part, or for that matter, where an award of fees or costs is vacated in connection with a judgment's partial reversal. In those instances, Rule 39(a)(4) clearly applies, which provides for taxation of costs only as the appellate court orders. *See City of San Antonio*, 593 U.S. at 337.

Here, the Fees and Costs Order did not indicate that Plaintiffs should be entitled to any costs on the Fees and Costs Appeals at all, let alone order this as required by Rule 39(a)(4). Moreover, assuming any costs were ordered taxable at all (which, per the Tenth Circuit's discretion, they were not), it is logical they would have been taxable in favor of Defendants, who prevailed on seven out of eight claims. *See City of San Antonio*, 593

5

U.S. at 337 ("The most natural meaning of [Rule 39(a)(4) is that a court of appeals *may* apportion costs in accordance with the parties' relative success, so that if, for example, the appellant wins what is essentially a 75% victory, the appellant can be awarded 75% of its costs.") (emphasis added). In such a scenario, the Tenth Circuit *could* have ordered Plaintiffs to receive one-eighth, or 12.5%, of its taxable costs on appeal. Yet the Tenth Circuit declined to do this, and Plaintiffs therefore are not entitled to taxation of any of their appellate costs under Fed. R. App. P. 39(e).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Clerk of this Court deny in full Plaintiffs' Rule 39(e) Bill of Costs.

DATED: April 24, 2024                                          Respectfully submitted,

By:   /s/ Robert H. Rotstein
      Robert H. Rotstein (CA Bar # 72452)
      Emily F. Evitt (CA Bar # 261491)
        Admitted *Pro Hac Vice*
      MITCHELL SILBERBERG & KNUPP LLP
      2049 Century Park East, 18th Floor
      Los Angeles, CA  90067-3120
      (310) 312-2000 – Telephone
      (310) 312-3100 – Facsimile
      rxr@msk.com
      efe@msk.com

Mack J. Morgan III, OBA #6397
MJMLAW PLLC
6618 N. Hillcrest Ave.
Nichols Hills, OK 73116
(405) 343-7454 – Telephone
mack@mjmlaw.biz

Attorneys for Defendants
Netflix, Inc., and Royal Goode
Productions LLC